UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Joseph Bernard Brunson**, | ) C/A **3:07-2977-MBS-JRM** |
| Plaintiff, | ) |
| | ) Report and Recommendation |
| vs. | ) |
| Reginald I. Lloyd, U.S. Attorney, District of South Carolina; Larry Propes, Clerk of Court for the U.S. District Court, District of South Carolina; First Citizens Bank; and Henry McMaster, Attorney General for the State of South Carolina, | ) |
| Defendants. | ) |

The plaintiff, Joseph Bernard Brunson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and *Bivens*.[1] The Complaint fails to state a claim against the Defendants Reginald I. Lloyd, Henry McMaster, and First Citizens Bank. These Defendants should be dismissed as parties to this action.[2]

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), concerned the right to sue federal officials for damages as a result of constitutional violations.

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background and Discussion

Plaintiff is one of the "Three Hebrew Boys" accused of selling securities without a license. The gravamen of his Complaint is that he has been subjected to racially discriminatory Grand Jury proceedings. He also vaguely asserts that his bank accounts were illegally frozen as part of a conspiracy among a white banker and the white state and federal prosecutors.[3] Complaint at 10. He names First Citizens Bank for violating his rights by freezing his accounts without a court order, and the head South Carolina state and federal prosecutors S.C. Attorney General Henry McMaster and United States Attorney Reginald I. Lloyd, and Clerk of Court Larry Propes, of conducting a discriminatory Grand Jury process. Plaintiff alleges that the composition of the Grand Jury is

---

[3] Plaintiff does not name the white banker, but it is presumably an individual he dealt with at Defendant First Citizens. Incidentally, Plaintiff incorrectly identifies Reginald Lloyd as white.

2

racially skewed. Complaint at 10.

Plaintiff has failed to state a claim against Defendant First Citizens, as he does not allege any facts to support state action on behalf of this private bank. Therefore, Defendant First Citizens must be dismissed as a party to this action, with Defendant McMaster and Defendant Lloyd, as they enjoy prosecutorial immunity.

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Plaintiff fails to allege facts to establish that Defendant First Citizens has acted under color of state law. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640; *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50; *See also Hall v. Quillen*, 631 f.2d 1154, 1155-1156 (4th Cir. 1980).

The district court in *Hall v. Quillen* had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Fourth Circuit Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

3

> But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

*Hall v. Quillen* at 1155 (internal citations omitted).

Although a private individual or corporation can act under color of state law, his, her or its actions must occur where the private individual is "a willful participant in joint action with the State or its agents." *Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961). Plaintiff has actually alleged that the actions of Defendant First Citizens Bank were in fact purely private conduct. *See* Complaint at 6, 7 ("[t]he First Citizens Bank for some reason was already returning checks before any court order was signed" . . . "[a]gain, it appears that the funds were frozen prior to any court order"). As Plaintiff has failed to allege state action, he has failed to state a claim for discrimination under § 1983,[4] and Defendant First Citizens must be dismissed.

Defendant McMaster and Defendant Lloyd are immune from suit, and the suit against them should thus be dismissed at this stage in the proceedings. *See Siegert v. Gilley*, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)

---

[4] On page 15 of his Complaint, Plaintiff attempts to state a claim against Defendant First Citizens, insisting state action exists because of collusion between the bank and state and federal employees which "should become obvious upon completion of discovery." However, Plaintiff cites no facts to support this proposition, and has made it clear elsewhere in the Complaint, as explained above, that the bank acted alone.

4

(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606 (1993); and *Burns v. Reed*, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934 (1991). The Supreme Court has held that prosecutors, when acting in the scope of their duties, have absolute immunity from damages liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976) at 430. Grand Jury proceedings are clearly part of the judicial phase of proceedings.

It is unclear to what extent Plaintiff is alleging Defendant McMaster was involved in the federal grand jury proceedings. It seems he believes an ongoing state prosecution headed by Defendant McMaster was not going well, leading McMaster to "enlist the help of the United States Department of Justice to use the Grand Jury to help them manufacture a crime . . ." Complaint at 9. In any case, it is clear that the allegations against Defendant McMaster concern his behavior during criminal judicial proceedings, and that Defendant McMaster is not amenable to suit for such conduct under the doctrine of prosecutorial immunity.

Likewise, Defendant Lloyd is immune, though as a federal official the case against him is analyzed as a *Bivens* action rather than a suit under § 1983. *See Hartman v. Moore*, 547 U.S. 250 (2006) (a *Bivens* action, which confers upon the victims of a constitutional violation a right to recover damages against a federal agent, is the federal analog to suits brought against state officials under § 1983). *See also Ehrlich v. Giuliani*, 910 F.2d 1220 (4th Cir. 1990)(federal prosecutors enjoy

5

immunity in a *Bivens* action for activity that was not merely investigative, but fell within their advocacy duties).

Like Defendant Lloyd, the case against Defendant Larry Propes falls under the scope of *Bivens*. The case will be served against this sole Defendant.

## Recommendation

Accordingly, it is recommended that the District Court dismiss *without prejudice* the Defendants Reginald I. Lloyd, Henry McMaster, and First Citizens Bank as party defendants in this case. The Complaint will be served on the remaining defendant, Clerk of Court Larry Propes. **Plaintiff's attention is directed to the notice on the following page**.

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

November 21, 2007
Columbia, SC

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).