IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOSEPH BERNARD BRUNSON, | ) Civil Action No. 3:07-2977-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| LARRY PROPES, CLERK OF COURT FOR THE U.S. DISTRICT COURT, | ) |
| Defendant. | ) |

      Plaintiff, Joseph Bernard Brunson ("Brunson"), filed this action on August 30, 2007.[1] The remaining Defendant in this action is Larry Propes ("Propes"), the Clerk of Court for the United States District Court, District of South Carolina. On November 21, 2007, the undersigned recommended that the other Defendants (Reginald Lloyd, First Citizens Bank, and Henry McMaster) be dismissed as parties to this action. Brunson did not object to the undersigned's Report and Recommendation. On January 7, 2008, the Honorable Margaret B. Seymour, United States District Judge, adopted the Report and Recommendation and dismissed without prejudice Defendants Lloyd, McMaster, and First Citizens Bank.

      On November 21, 2007, the undersigned also authorized service of process as to Defendant Propes. Plaintiff was specifically informed that he was responsible for service and was warned (pursuant to Federal Rules 4(m)) that if he failed to serve a defendant within 120 days after the complaint was filed, this Court could dismiss the action without prejudice as to that defendant.

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC.

On December 4, 2007, Plaintiff filed an affidavit of service from Sakima Bey ("Bey") stating that he served Defendant Propes by hand delivering the Summons and Complaint to Magistrate Judge Bristow Marchant. No date for service was given on the affidavit.

On April 7, 2008, the undersigned ordered Plaintiff to show cause why this case should not be dismissed for failure to effect service. Plaintiff was given ten days from the date the Order was entered (plus three days for mail time pursuant to Federal Rule 6(d)) to submit an affidavit of service showing that service had been effected on Defendant Propes and giving a date that service was effected. Plaintiff was specifically advised that Magistrate Judge Marchant is not a party to this case and that, pursuant to Federal Rule 4(e), an attempt at service upon Magistrate Judge Marchant did not effect service upon Defendant Propes. Additionally, Plaintiff was reminded of Rule 4(l) requiring an affidavit of service.

On April 29, 2008, an "Affidavit of Service" was filed by Bey stating that he hand delivered the Summons on April 18, 2008 to the "United Postal Service[,] Mail Deposit to: Larry Propes - Clerk of Court, 901 Richland St. Columbia SC." Attached is a "Statement" from Bey in which Bey writes that:

> I now was asked to do service of process, I approached the clerk, with the Affidavit of Service, [see attached][2] asked to see Larry Propes and was told again by Jane Doe clerk, "you are not able to see him". I explained "I am here to service of process in a law suit, is his secretary in[?"] She stated, "No she is out[."] I asked "who may I leave service of process on then [?"] She stated "I will take it to Judge Marchant[.]" I said "Then I will write his name on here for the service of Process[."] Jane Doe clerk said "That will be o.k."

---

[2]This affidavit of service is not attached to Doc. 25.

2

Doc. 25. Also attached to the affidavit was a United State Postal Service Domestic Return Receipt indicating that an article addressed to Defendant Propes had been mailed by certified mail and signed for by "Peppa Caskey" on April 21, 2008. Attachment to Doc. 25.

Brunson fails to show that he properly served Defendant Propes within the 120 days required under Rule 4(m). Federal Rule of Civil Procedure 4(m) provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Federal Rules provide that the United States and its Agencies, Corporations, Officers, or Employees are served:

> (1) ***United States***. To serve the United States, a party must:
>
>> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>>
>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) ***Agency; Corporation; Officer or Employee Sued in an Official Capacity.*** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

(3) ***Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

(4) ***Extending Time.*** The court must allow a party a reasonable time to cure its failure to:

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

(B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i). The Federal Rules provide that an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under South Carolina Law, an individual may be served as follows:

(1) *Individuals.* Upon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.
\*\*\*\*\*

(8) *Service by Certified Mail.* Service of a summons and complaint upon a defendant of any class referred to in paragraph (1)[individuals] or (3)[corporation, partnership, or association], of this subdivision of this rule may be made by the plaintiff or by any

4

> person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt.

S. C. R. Civ. P. 4 (d).

Plaintiff's first attempt at service was not proper under the Federal Rules. Plaintiff did not serve Defendant Propes by serving the United States and by serving Defendant Propes individually. It appears that Plaintiff attempted only to serve Defendant Propes individually. As noted above, the Federal Rules allow service on an individual by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(e)(2)(C). Plaintiff, however, has not shown that either "Jane Doe" clerk or Magistrate Judge Marchant is an agent authorized by appointment or by law to receive service of process for Propes. Further, the "Affidavit of Service" filed on December 4, 2007 does not specify when Defendant Propes was served.

After the rule to show cause order was issued, it appears that Plaintiff attempted to serve Defendant Propes by mail. This, however, was more than 120 days after the Complaint was filed. Plaintiff did not notify the Court of the identity of the party not served and why service had not been effected. Local Rule 4.01, DSC provides:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

It appears that Plaintiff attempted to serve Defendant Propes by mail, but service by mail was not properly made. Although the Federal Rules allow a party to be served under the state (here South Carolina) rules, service by mail must be made "by registered or certified mail, return receipt

requested and **delivery restricted to the addressee**." S.C.R.Civ.P. 4(d)(8)(emphasis added). Here, the return receipt reveals that delivery was not restricted to the addressee. Additionally, the Affidavit of Service has only "Summons" circled. The Federal Rules provide that "a summons must be served **with a copy of the complaint**." Fed. R. Civ. P. 4(c)(emphasis added). Further, Plaintiff did not serve the United States pursuant to Rule 4(i), as discussed above.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant Propes be dismissed sua sponte without prejudice pursuant to Federal Rule 4(m) for Plaintiff's failure to properly serve this Defendant.

Joseph R. McCrorey
United States Magistrate Judge

March 25, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).